In re: UNITED PARCEL SERVICE "AIR–IN–GROUND" MARKETING AND SALES PRACTICES LITIGA-TION.

MDL No. 2153.

United States Judicial Panel on Multidistrict Litigation.

June 8, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, Jr. and BARBARA S. JONES, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Before the Panel is a motion that encompasses two actions in the Central District of California and one action each in the District of Colorado and the Northern District of Georgia as listed on Schedule A.[1] Plaintiffs in all four actions move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of these actions in the Central District of California.

Defendants United Parcel Service, Inc. (Delaware), United Parcel Service, Inc. (Ohio), United Parcel Service General Services Co., and United Parcel Service Co. (collectively UPS) support the motion for centralization in the Central District of California. Plaintiff in the Southern District of California related action also supports the motion for centralization in the Central District of California.

---

1. The parties have notified the Panel of a related action pending in the Southern District of California. This action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual allegations that UPS improperly charged for air shipping services and jet fuel surcharges on shipments that were transported, on time, by ground modes of transport. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

Given the agreement of all parties, the Central District of California is an appropriate forum for this litigation. Centralization in this district also permits the Panel to assign the litigation to a judge who has experience in multidistrict litigation and who can steer these actions on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable George H. Wu for coordinated or consolidated pretrial proceedings with the actions in that district.

## SCHEDULE A

MDL No. 2153 — IN RE: UNITED PARCEL SERVICE ¿AIR–IN–GROUND¿ MARKETING AND SALES PRACTICES LITIGATION

*Central District of California*

*Designer Imports International, Inc. v. United Parcel Service, Inc., et al.,* C.A. No. 2:10–733

*Pocino Foods Co., et al. v. United Parcel Service, Inc., et al.,* C.A. No. 2:10–734

*District of Colorado*

*Arapahoe Hyundai, LLC v. United Parcel Service, Inc., et al.,* C.A. No. 1:10–222

*Northern District of Georgia*

*Owens Financial Group, Inc. v. United Parcel Service, Inc., et al.,* C.A. No. 4:10–16